# U. S. DISTRICT COURT.

## In the matter of JULIUS A. ROBINSON, a bankrupt.

In an involuntary case, the attorney for the petitioning creditor was allowed to be paid out of the fund in the hands of the assignee, not only his disbursements, but a reasonable compensation for his services in prosecuting the debtor into bankruptcy.

The practice in such case, is for the attorney to present to the register in charge a petition directed to the court in bankruptcy, praying to be allowed for such services and disbursements. The register then takes testimony touching the necessity and value of such services and disbursements, and certifies the same with his opinion thereon to the district judge who makes such order thereon as the testimony seems to warrant.

*Southern District of New York, in Bankruptcy.*

AT chambers, No. 4 Warren street, in the city of New York, in said district, on this 9th day of January, A. D. 1872.

I, the undersigned register in charge of the above entitled matter, do hereby certify, that the petition of Charles H. Woodbury, hereto annexed, was duly filed on the 20th day of December, 1871. That thereupon notice was given to the assignee, that testimony would be taken before me on the 22nd day of December, at my chambers in support of the prayer of the petition. That on the said 22d day of December, the said petitioner and the said assignee, by Mr. C. W. Bangs, his attorney, appeared before me pursuant to said notice, and thereupon the said Bangs objected to the proceedings before the register, on the ground, that no special order of reference to the register had been made upon said petition.

That I overruled said objection, holding that as the case had been referred to the register generally, it was not neces-

sary to obtain a further order referring to it him to take test-imony, &c.   But that I would proceed to take such test-imony as should be offerred on both sides, and then, if desired by either party, would certify the whole matter to the judge for decision.   To which ruling the said Bangs ex-cepted, and desired the point to be certified to the court for decision.   That thereupon the matter was, by agreement of the parties adjourned to the 26th day of December, when the said petitioner and the assignee in person appeared be-fore me, and proceeded to take the testimony which is hereto annexed.

That at the close of the testimony, the assignee stated, that as he thought, the charge of $300 reasonable, he did not wish to call witnesses or oppose the application—but still desired the question of practice to be certified to the court.

And, I further certify, that I think, as well from the said testimony as from my knowledge and recollection of the services rendered, that the sum of $300 would not be above the ordinary rate of charges in this city for similar services, and I, therefore, recommended the entry of an order that the assingee be directed to pay over to said petitioner, in satis-faction for said services the sum of $300 from the funds of said estate in or to come into his hands, besides the sum of $196 45-100, which appears to have been disbursed by the said petitioner in said proceedings amounting in all to the sum of $496 45-100.

And touching the question of practice raised by the said attorney for the assignee, I further certify, that I have adopted this practice in several cases before me with the approbation of this court, and that a similar practice pre-vails as I am informed with registers generally.

It would seem unnecessary to put a party to the expense of going into court to get an order that a register take test-imony to sustain his petition, when the duty of taking such testimony is one within the general scope of the duties imposed upon the register in charge by the act—and general

Matter of Robinson.

orders. The order referring the case to the register, requires him "to take such proceedings therein as are required by the act." The act requires him "to sit at chambers"—implying that he is charged, in the case assigned to him, with the ordinary chamber duties of the court. This is the construction given to the act by the report of the committee on "revision of the laws" adopted by congress, February 23, 1871. In that report, congress clearly construe the act as conferring upon the register the power to do every act in a case assigned to him which the court could do, except passing upon an "issue framed" for the opinion of the court, committing for contempt and allowing or suspending an order of discharge. That such judicial power should be withheld from the register, is obviously necessary in the interest of uniformity of decision which is, no doubt, sufficiently endangered by the inevitable division of the country into forty-eight judicial districts, in each of which there is a judge of a co-ordinate power and jurisdiction. If the register may not take such testimony without the special order of the judge, it would be difficult to say what acts he might do without such order.

The convenience of this practice has suggested and commended it to me. Under it, the attention of the judge is but once called to the matter, when he has before him the petition, the testimony which both parties desire to submit, with the opinion of the register upon the same, and if counsel desire to be heard, the case can be set down for hearing upon the papers before the court.

The convenience and economy of this practice is, therefore, so obvious, that I hope the court will permit it to be continued, notwithstanding the objection made to it by the attorney for the assignee.

Repectfully submitted,

I. T. WILLIAMS,
*Register in Bankruptcy.*

Upon the foregoing certificate the judge made the following order :

Upon reading and filing the petition of Charles H. Woodbury, the testimony taken thereunder, and the certificate of the register herein, and upon hearing Mr. Woodbury in his own behalf, and Mr. C. W. Bangs for the assignee : Ordered, that John Sedgwick, the assignee of the bankrupt above named, pay to Charles H. Woodbury above named forthwith from the funds of the estate of the bankrupt above named, now in his hands, the sum of three hundred dollars for his services rendered the said estate, and the sum of one hundred and ninety-six 45–100 dollars paid out by him therefor, and the sum of thirty 20–100 dollars paid out by him for register's and clerk's fees on their petition; in all the sum of five hundred and twenty-six 75–100 dollars.